LOLLEY, J.
11Carolyn Correro appeals a judgment by the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana, granting a peremptory exception of prescription in favor of defendants, Bernie Caldwell and Cathy Greer. For the following reasons, we reverse the trial court’s judgment.
Facts
On April 22, 2011, Correro fractured her left hip after a fall. She was taken by ambulance to IASIS Glenwood Regional Medical Center, L.P. (“Glenwood”). In the emergency room, she was diagnosed with a fracture of her left hip, and she was scheduled for surgery the next day. On April 23, 2011, Correro was taken into surgery, where the surgical team performed a time out — the procedure used to verify the correct surgical location prior to the commencement of surgery. Correro was positioned on the wrong side, and her right hip was incorrectly verified as the surgical site during the time out. Resul-tantly, Dr. Jose Ferrer began surgery on Correro’s right hip, actually making a 10-inch incision through her skin, subcutaneous tissue, and her deep fascia. Two minutes into the surgery, the error was discovered. Correro’s right side was sutured and her skin stapled. Surgery proceeded on her left hip without further incident.
Correro instituted a medical review panel (“MRP”) with the Louisiana Patient’s Compensation Fund (“PCF”) on April 16, 2012, naming Dr. Ferrer and the employees of Glenwood involved with her surgery — MRP Complaint no. 2012-00384 (the “initial panel”). The record indicates that Dr. Ferrer subsequently: acknowledged his liability and breach of standard of care; waived the proceeding in the initial panel; and, was dismissed from |⅞⅛ on August 22, 2013, after a letter from Corre-ro to the PCF requesting his dismissal. However, as against Glenwood, the initial panel proceeded.
During those proceedings, Glenwood filed its submission to the initial panel. In that submission, it stated that Dr. Ferrer “has ... accepted his liability....” It also noted that Bernie Caldwell and Cathy Greer, respectively the physician’s assis-tánt and certified registered nurse anesthetist on the surgical team, were not employees of Glenwood. The initial panel hearing was scheduled for November 19, 2013. On that date, but prior to the hearing, Correro filed an amended complaint in the initial panel proceeding naming Caldwell and Greer as additional defendants, claiming they were tortfeasors along with Dr. Ferrer and Glenwood. Ultimately, the initial panel issued its opinion and it was mailed via certified mail on December 27, 2013. It concluded that Glenwood failed to meet the applicable standard of care in the treatment of Correro “as charged in the complaint.” Subsequently, on January 31, *444 2014, Correro was informed by the PCF that “[u]nknowing to the [PCF] an opinion was rendered on the [initial panel] when the recently submitted amendment dated November 19, 2013 was filed. Therefore, the amendment will be processed as a new request for a medical review panel.” The new panel was assigned MRP Complaint no. 2013-01407 (the “second panel”).
Subsequently, Caldwell and Greer filed their peremptory exception of prescription, stating that any claim against them prescribed on April 7, 2014, pursuant to La. R.S. 40:1299.47. They argued that although the timely filed claim to the initial panel served to suspend prescription against Rail joint tortfeasors during the pendency of that panel, Correro never filed suit against Ferrer or Glenwood after the initial panel opinion had been issued. As a result, the claims against them, as well as the claims against any joint tortfea-sors, were prescribed. The trial court granted the exception by Caldwell and Greer, and this appeal ensued.
Discussion
On appeal, Correro argues that the trial court erred when it entered a judgment granting the defendants’ exception of prescription. We agree that the trial court committed an error of law in its conclusion that prescription had not been suspended by the timely MRP filings, and the exception of prescription was erroneously granted for this reason.
The plea of prescription must be specifically pleaded and may not be supplied by the court. La. C.C.P. art. 927(B). Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Carter v. Haygood, 2004-0646 (La.01/19/05), 892 So.2d 1261, 1267. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Id.
Statutes providing for prescriptive periods are to be strictly construed in favor of maintaining a cause of action. David v. Our Lady of the Lake Hosp., Inc., 2002-2675 (La.07/02/03), 849 So.2d 38, 47. Thus, if there are two possible constructions, the one which favors maintaining an action, as opposed to barring, should be adopted. Oil Ins. Ltd. v. Dow Chemical Co., 2007-0418 (La.App. 1st Cir.11/02/07), 977 So.2d 18, 22, writ denied, 2007-2319 (La.02/22/08), 976 So.2d 1284.
|4As to negligent acts by more than one tortfeasor, La. C.C. art. 2324 states, in pertinent part:
B. If liability is not solidary pursuant to Paragraph A, then liability for damages caused by two or more persons shall be a joint and divisible obligation. A joint tortfeasor shall not be liable for more than his degree of fault and shall not be solidarily liable with any other person for damages attributable to the fault of such other person, including the person suffering injury, death, or loss, regardless of such other person’s insolvency, ability to pay, degree of fault, immunity by statute or otherwise, including but not limited to immunity as provided in R.S. 23:1032, or that the other person’s identity is not known or reasonably ascertainable.
C. Interruption of prescription against one joint tortfeasor is effective against all joint tortfeasors.
The Louisiana Medical Malpractice Act (the “LMMA”) specially controls prescription in medical malpractice cases. The prescriptive period for medical malpractice is provided in La. R.S. 9:5628, which states, in pertinent part, as follows:
A. No action for damages for injury or death against any physician, ..., whether based upon tort, or breach of contract, or otherwise, arising out of patient *445 care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.
⅜ * *
C. The provisions of this Section shall apply to all healthcare providers listed herein or defined in R.S. 40:1299.41....
As stated in La. R.S. 40:1299.41(G):
[t]he running of prescription against a health care provider who is answerable in solido with a qualified health care provider against whom a claim has been filed for review under this Part 15shall be suspended in accordance with the provisions of R.S. 40:1299.47(A)(2)(a).
Finally, La. R.S. 40:1299.47(A)(2)(a), provides:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and soli-dary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. All requests for review of a malpractice claim identifying additional health care providers shall also be filed with the division of administration. (Emphasis added).
Thus, the filing of a claim with the MRP suspends prescription with regard to unnamed joint tortfeasors to the same extent as to those named in the request for review. See, Bishop v. Simonton, 615 So.2d 8 (La.App. 2d Cir.1993), writ denied, 617 So.2d 908 (La.1993) (addressing the LMMA’s prescription statute prior to the revision by 1997 La. Acts No. 830, the amendment that applied suspension of prescription to joint tortfeasors as well as solidary obligors). In an ordinary tort suit not subject to the LMMA, filing of suit against one joint tortfeasor interrupts prescription as to other joint tortfea-sors, and serves as a continuing interruption during the | ^pendency of the suit. La. C.C. arts. 2324(C), 3462, 3463. However, “the specific provisions of the Medical Malpractice Act regarding the suspension of prescription against joint tortfeasors apply to the exclusion of the general code article on interruption of prescription against joint tortfeasors[J” Borel v. Young, 2007-0419 (La.11/27/07), 989 So.2d 42, 68. Therefore, just as La. C.C. art. 2324(C) states a special rule of interruption of prescription on a claim owed by “joint tortfea-sors,” La. R.S. 40:1299.47(A)(2)(a) states a special rule of suspension of prescription *446 for all “joint tortfeasors,” whether named in the initial panel proceeding or not.
Typically, when prescription is raised by peremptory exception, the trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. Specialized Loan Servicing, LLC v. January, 2012-2668 (La.06/28/13), 119 So.3d 582, 584. However, the sole issue before us is the,proper interpretation of the statutes pertaining to prescription under the LMMA. Thus, the case presents a question of law which is reviewed by this court under a de novo standard of review. City of Bossier City v. Vernon, 2012-0078 (La.10/16/12), 100 So.3d 301. A de novo review means the court will render judgment after consideration of the legislative provisions at issue, the law, and the record, without deference to the legal conclusions of the tribunals below. Specialized Loan Servicing, LLC, supra.
|7In their exception of prescription, Caldwell and Greer maintain that any claims against them regarding Correro’s surgery prescribed on April 7, 2014 — ninety days after the MRP opinion was provided to Correro, plus the eleven days time remaining from the original one-year prescriptive period. The defendants contend that since Correro had not filed suit by that date against Dr. Ferrer or Glenwood in the trial court, the initial panel no longer suspended prescription as to Dr. Ferrer, Glenwood, and/or any joint tortfeasors. We disagree.
We reiterate the following timeline pf events:
• April 23, 2011: Correro’s surgery and date of alleged malpractice;
• April 16, 2012: The initial panel proceeding by Correro filéd against Dr. Ferrer and Glenwood Hospital;
• August 22, 2013: Dr. Ferrer dismissed from initial panel;
• November 19, 2013: Request made by Correro to amend initial panel to add Caldwell and Greer;
• November 19, 2013: Hearing on initial panel; and,
• December 27, 2013: MRP opinion against Glenwood mailed via certified mail.
Notably, when the request was made to add Caldwell and Greer to the initial panel on November 19, 2013, there had been no disposition regarding all of the named defendants to the initial panel. Although Dr. Ferrer had waived the proceeding and had been dismissed at Correro’s request, the initial panel was still active and in place as to Glenwood. In fact, defendants in brief admit that the timely filed initial panel against Dr. Ferrer and Glenwood served to suspend prescription against all joint tortfeasors \ ¿luring the pendency of that panel. That said, they inexplicably argue that prescription ran on April 7, 2014. Clearly, when Correro made her complaint against Caldwell and Greer, the initial panel was still pending, and according to statutory law and the jurisprudence, it served to suspend prescription of the claims against all joint tortfeasors, even unnamed ones. See, Bishop, supra. Moreover, once the timely request was made to add Caldwell and Greer, it served to likewise suspend prescription against all joint tortfeasors, i.e., Dr. Ferrer and Glenwood.
Consider Roberts v. USAA Cas. Ins. Co., 2014-0384 (La.App. 1st Cir.11/07/14), — So.3d —, where the First Circuit reversed the trial court’s judgment granting defendants’ exception of’prescription. Although Roberts addresses different prescriptive statutes, the issues are similar to those as the case at hand. Roberts arises from an automobile accident on November 4, 2009. The Robertses filed suit on No *447 vember 3, 2010, and named Billiot and his liability insurer as defendants. Other defendants were also named with their liability insurers. Ultimately, the Robertses settled with Billiot and his insurer, and they were dismissed — the lawsuit remained active as to the remaining defendants. Later, the Robertses discovered that Billiot may have been in the course and scope of his employment when the accident occurred, so they amended their original petition on January 10, 2013, naming Billiot’s employer. On its face, the claim against the employer was clearly prescribed. An exception of prescription was raised by the employer, which argued upon Billiot’s dismissal, the interruption of prescription was eliminated, and the Rob-ertses’ claim against it prescribed. |nThe First Circuit reversed, stating “[a]lthough Mr. Billiot may have been dismissed, other defendants, who are alleged joint tortfea-sors, remain in the suit and the suit is still pending.” Id. at -, at *6. Notably, Billiot or the other defendants were not absolved of liability to the Robertses, so the late-named employer remained a joint tortfeasor.
Moreover, we find the line of cases relied upon by Caldwell and Greer inapplicable to this case, in particular Robin v. Hebert, 2012-1417 (La.App. 3d Cir.05/01/13), 157 So.3d 63. In that case, the timely initial complaint was against a qualified physician defendant. Almost two years after the alleged malpractice, the plaintiffs added two non-healthcare provider defendants. The physician was ultimately found to be not liable on a motion for summary judgment and was dismissed. The Robin court determined that upon the dismissal of the not liable physician, the late-added defendants were no longer joint tortfeasors, and the special prescriptive periods under the LMMA no longer applied. Id. at 69.
The case sub judice is factually distinguishable from Robin, supra, and the entire line of cases addressing the issue of the effect on prescription when a not liable defendant is dismissed. Here, Dr. Ferrer waived the panel process — there was no finding he was not liable. Actually, in Glenwood’s submission to the initial panel, it notes that Dr. Ferrer “has ... accepted his liability and waived his right to a medical review panel.” Likewise, as to Glen-wood, there was no determination that it was not liable. In fact, the initial panel determined that Glenwood failed to meet the applicable standard of care in the treatment of Correro. As to either originally named h (joint tortfeasor, there was never a finding that they were not liable to Correro. The allegation regarding the joint obligation of the tortfeasors is still at issue. It does not appear at this point in the litigation that Caldwell and Greer dispute the allegation they were joint tortfea-sors with Dr. Ferrer and Glenwood, and their actions, combined with those of Dr. Ferrer and Glenwood, served to ultimately harm Correro.[1] While an allegation of solidary liability is pending, the exception of prescription remains premature. Etienne v. National Auto. Ins. Co., 1999-2610 (La.04/25/00), 759 So.2d 51. The same can be said for a claim of joint liability. Thus, the timely filed claim with the initial panel against Dr. Ferrer and Glenwood served to suspend prescription with regard to the unnamed joint tortfeasors (Caldwell and Greer) to the same extent that suspension transpires as to those named in the re *448 quest for review. Likewise, the timely filed claim against Caldwell and Greer served to suspend prescription against the remaining alleged joint tortfeasor, Glen-wood. So considering, the grant of the defendants’ exception of prescription was made in error.
Conclusion
For the foregoing reasons, the judgment granting the peremptory exception of prescription by Bernie Caldwell and Cathy Greer is reversed. All costs of this appeal are assessed to Caldwell and Greer.
REVERSED.
APPLICATION FOR REHEARING
Before WILLIAMS, CARAWAY, DREW, MOORE and LOLLEY, JJ.
Rehearing denied.
CARAWAY, J., would not consider.
MOORE, J., would grant and assigns unpublished reasons.

. As the exception of prescription is peremptory and can be urged at trial, at that time the defendants can attempt to show no negligence on the part of Dr. Ferrer or Glenwood. If a determiñation is made at that point that Dr. Ferrer or Glenwood are not liable to Correro, the exception of prescription by Caldwell and Greer can then be considered.