CARAWAY, J.,
concurring in part and dissenting in part.
11 While I agree with the dismissal of Glenwood by the . trial court, I disagree that prescription has run on the claim *324 against Dr. Ferrer. I dissent from his dismissal from this malpractice action.
The initial panel proceeding (“MRP-1”) must be viewed as having a different effect on the claim against Dr. Férrer than its effect on Glenwood. Although he was temporarily named in MRP-1, which interrupted prescription against all joint tort-feasors initially, Dr. Ferrer was dismissed without prejudice, and most importantly, the medical review panel in MRP-1 never rendered an opinion as to Dr. Ferrer. The opinion of MRP-1 concerned only Glen-wood, which placed plaintiffs claim against Glenwood on the special 90-day prescriptive track under the MMA as recognized by the majority opinion.
Dr. Ferrer was therefore sued in this action 3 years and 4 months after the plaintiffs surgery. While this is beyond the 3-year prescription of La. R.S. 9:5628, governing medical malpractice claims, the Supreme Court in Borel v. Young, 07-0419 (La.11/27/07), 989 So.2d 42 (on rehearing), found that the 3-year limit is not peremp-tive and is therefore subject to the rules governing interruption of prescription.
The MMA express rule is for interruption of prescription against all joint tort-feasors by the filing of a claim against one tortfeasor. La. R.S. 40:1299.47(A)(2)(a). That rule was the subject of this court’s initial ruling involving this plaintiff and other alleged tortfeasors acting with Dr. Ferrer in the surgery. Correro v. Caldwell, 49,778 (La.App.2d Cir.6/3/15), 166 So.3d 442, writ denied, 15-1536 (La.10/23/15), 179 So.3d 607 (“Gorrero I ”). The subject defendants in Correro I, Bernie Caldwell and Cathy Greer, remain defendants in Correro’s pending medical malpractice action (“MRP-2”). Therefore, the timely action against Caldwell and Greer in MRP-2 serves as an interruption of prescription against all joint tortfeasors, including Dr. Ferrer.
In summary, the majority opinion fails to make the distinction between the specific provision for prescription under the MMA for Glenwood and the broad general rule for the interruption of prescription applicable to Dr: Ferrer. The first rule required suit to be filed against Glenwood under the special 90-day provision following the panel ruling in MRP-1. La. R.S. 40:1231.8(A)(2)(a). That special rule did not apply to bar the claim against Dr. Ferrer, whose actions were not the subject of MRP-1. The rule for prescription applicable to Dr. Ferrer allows for interruption of prescription on the claim against him because of the pending claims against the alleged joint tortfeasors in MRP-2. The MMA rules, the Correro I holding, and the Borel ruling mandate this assessment of prescription and a reversal of the trial court’s dismissal of Dr. Ferrer.
APPLICATION FOR REHEARING
Before WILLIAMS, CARAWAY, DREW, GARRETT and CALLOWAY, Ad Hoc, JJ.
Rehearing denied.
WILLIAMS and CARROWAY, JJ., would grant rehearing.