PER CURIAM
| jThis medical malpractice action concerns whether a timely filed amendment to a medical review panel (“MRP”) complaint can be converted into a new complaint (“MRP-2”) by the Department of Administration (“DOA”), which would end suspension on the initial complaint (“MRP-1”) causing plaintiffs claims against the first named healthcai'e providers to prescribe while the second complaint is still pending against alleged joint and solidary obligors. In accord with the strict construction required, we find, in this circumstance where an administrative decision directly affected the tolling period to the detriment of plaintiffs tort rights, prescription on plaintiffs claims remained suspended as to all joint and solidary obligors while the MRP-2 proceeding was still pending against alleged joint and solidary obligors.
The following is a brief summation of the relevant facts:
• Apr. 23, 2011—Plaintiff underwent surgery performed by Dr. Jose Ferrer at Glenwood Regional Medical Center (“Glenwood”) after fracturing her left hip. Due to incorrect positioning and misverification of the surgical site, Dr. Ferrer began surgery on plaintiffs right hip, making a 10-inch incision through her skin, | ¡¡subcutaneous tissue, and her deep fascia. Two minutes into the surgery, the error was discovered by an attending RN who noticed the x-ray images were of a left hip fracture although consent was for a right hip fracture. Plaintiffs right side was sutured and her skin stapled. After verifying and confirming the x-rays, Dr. Ferrer then proceeded with surgery on her left hip without further incident.
*795 • Apr. 12, 2012—Plaintiff mailed, via U.S. Certified Mail, a letter to DOA requesting the formation of a MRP against Dr. Ferrer and Glenwood (MRP-1) and specifically alleging the medical negligence of Glenwood’s employees and/or Dr. Ferrer.
• Aug. 22, 2013—Dr. Ferrer was dismissed from MRP-1 after Dr. Ferrer acknowledged his liability and breach of the standard of care and waived the proceeding in the initial panel.
• Nov. 1, 2013—MRP-l’s attorney chairman informed the parties the matter would proceed to the panel for a hearing and decision on November 19, 2013.
• Nov. 15, 2013—Plaintiff’s counsel, via email, requested a postponement of the panel hearing, explaining: “The hospital’s position paper has revealed for the first time that the physician assistant, the anesthesia team and the CRNA were not employees of the hospital. Plaintiff wishes to amend her complaint to add these additional independent parties, which will be forthcoming shortly.”
• Nov. 18, 2013—MRP-l’s attorney chairman indicated he was not willing to postpone the hearing, stating: “What you are requesting me to do is cancel a panel conference in a proceeding that has been pending for almost a year so you can start over by adding new defendants, which would entail new defense attorneys, re-selection of the panelists, a new schedule for discovery and submissions, et al. I am not willing to do this. You can file a new complaint in a new proceeding against whatever additional parties you need to proceed against and have a panel against those new parties. The panel conference set for tomorrow evening will go forward as scheduled.”
• Nov. 19, 2013—Plaintiff filed an amendment to her complaint, adding Bernie Caldwell and Cathy Greer as newly-discovered, additional defendants. The amendment specifically referenced her initial complaint: |s‘Tn the above referenced panel proceeding, the hospital’s position paper submitted on September 25, 2013, revealed for the first time that the physician assistant, Bernie Caldwell, and the CRNA, Cathy Greer, were not employees of the hospital. Plaintiff wishes to amend her complaint to add these additional independent defendants. Pursuant to La. R.S. 9:5628, this amendment is timely made within three years of the alleged injury.”
• Dec. 27, 2013—MRP-1 issued and mailed, via U.S. Certified Mail, its opinion finding Glenwood failed to meet the applicable standard of care, specifically reasoning: “Standard of care calls for both the surgeon and the operation room nurses/personnel to confirm the correct surgical sight [sic] before surgery begins. While this panel is aware that the surgical consent form identifies the right hip instead of the left hip, the emergency room records and radiology reports clearly show that Ms. Correro had sustained a left hip fracture. It is the responsibility of both the physician and the operation room nurse to verify the correct surgical sight [sic] when there is a discrepancy between the surgical consent form and the hospital records .... This panel recognizes that there is a material issue of fact as to whether Ms. Correro told the operation room nurse she was having surgery on her right hip; but even assuming that is true it does not relieve the operating room nurse/personnel and the physician from verifying the correct surgical site. As a result of the aforementioned deviation below the standard of care Ms. Cor-rero incurred a right hip incision that should not have been made.”
*796 • Jan. 31, 2014—The POP informed plaintiff it had converted the amended complaint against Caldwell and Greer into a separate request for a MRP (MRP-2), stating: “Unknowing to the [PCF] an opinion was rendered on the above referenced panel request when the recently submitted amendment dated November 19, 2013 was filed. Therefore, the amendment will be processed as a new request for a medical review panel.”
• Apr. 23, 2014—Caldwell and Greer filed an exception of prescription in response to MRP-2. The trial court granted the exception, but the court of appeal reversed, holding: “the timely filed claim with the initial panel against Dr. Ferrer and Glenwood served to suspend prescription with regard to the unnamed joint tortfeasors (Caldwell and Greer) to the same extent that suspension transpires as to those named in the request for review. Likewise, the timely filed claim against Caldwell and LGreer served to suspend prescription against the remaining alleged joint tortfeasor, Glenwood.” Correro v. Caldwell, 49,778 (La. App. 2 Cir. 6/3/15), 166 So.3d 442, 447-48 writ denied, 15-1536 (La. 10/23/15), 179 So.3d 607 (“Correro I”).
• Aug. 27, 2014—Plaintiff filed the instant medical malpractice suit against Dr. Ferrer, Glenwood, XYZ Insurance Company, and LAMMICO.
In response to plaintiffs suit, Dr. Ferrer and Glenwood filed separate exceptions of prescription. Citing La. Rev. Stat. § 9:5628(A),[1] they argued plaintiffs claim prescribed ninety days after the MRP-1 opinion was issued and mailed on December 27, 2013. Plaintiff opposed the exception, arguing MRP-2, which remained pending against Caldwell and Greer, suspended prescription against all joint and solidary obligors, including Dr. Ferrer and Glenwood.
After a hearing, the trial court granted defendants’ exception of prescription and dismissed plaintiffs suit against Dr. Ferrer and Glenwood. The Court of Appeal, Second Circuit, affirmed in a 2-1 decision, with one judge concurring in part and dissenting in part. Correro v. Ferrer, 50,-476 (La. App. 2 Cir. 3/2/16), 188 So.3d 316.
As we have long held, prescriptive statutes are strictly construed in favor of maintaining a plaintiffs cause of action. Williams v. Jackson Parish Hospital, 00-3170, p. 13 (La. 10/16/01), 798 So.2d 921, 930. Absent clear, contrary legislative intent, “prescriptive statutes which can be given more than one reasonable interpretation should be construed against the party claiming prescription.” Maltby |5,v. Gauthier, 506 So.2d 1190, 1193 n. 5 (La. 1987). Thus, if there are two possible constructions, the one which favors maintaining an action, as opposed to barring, should be adopted. Carter v. Haygood, 04-0646, p. 10 (La. 1/19/05), 892 So.2d 1261,1268.
This Court has also repeatedly cautioned that parties cannot make prescription more onerous. Taranto v. La. Citizens, 10-105, p. 16 (La. 3/15/11), 62 So.3d 721, 732-33. And as we recently reaffirmed in In re Tillman, 15-1114, p. 16 (La. 3/15/16), 187 *797 So.3d 445, 455, administrative agencies likewise cannot adopt rules that shorten the prescriptive period.
The Louisiana Medical Malpractice Act specially controls prescription, and the suspension of prescription, in medical malpractice cases. La. Rev. Stat. §§ 9: 5628 and 40:1299.41(G).[2] Relevant herein, La. Rev. Stat. § 40:1299.47(A)(2)(a)[3] specifically provides:
The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The ñling of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. All requests for | r,review of a malpractice claim identifying additional health care providers shall also be filed with the division of administration. (Emphasis added).
La. Rev. Stat. § La, Rev. Stat. § 40:1299.47(A)(2)(a). Thus, pursuant to the “clear, express, and unambiguous” language of this provision, the filing of a claim with the DOA suspends prescription with regard to unnamed joint and solidary obligors to the same extent as to those named in the request for review. See Milbert v. Answering Bureau, Inc,, 13-0022 (La. 6/28/13), 120 So.3d 678.
When plaintiff herein timely amended her complaint to include Caldwell and Greer, MRP-1 was still pending, and according to statutory law and our jurisprudence, prescription of her claims against all joint and solidary obligors, even unnamed ones, was suspended. See Milbert, 120 So.3d at 686. It logically follows had her timely filed amended complaint been treated as an amendment, it would have merely continued the suspension commenced with her initial MRP request. Significantly, we note, however, it was an administrative decision of the DOA to convert her timely filed amendment into a new MRP request. Consequently, if we interpret the provisions of La. Rev. Stat. § 40:1299.47(A)(2)(a) in accordance with the holdings of the lower courts, i.e., finding notification of the MRP-1 opinion served to end suspension of prescription against Dr. Ferrer and Glenwood, the DOA’s administrative decision would effectively have shorten the suspensive period, and in turn the prescriptive period, con *798 trary to our holding in Tillman. Thus, our rules of strict construction require us to find the timely filed amendment, adding Caldwell and Greer, likewise suspended, or rather maintained the suspension of, prescription against all joint and solidary, including Dr. Ferrer and Glenwood.
| ./Accordingly we reverse the grant of the defendants’ exception of prescription and remand this matter for further proceedings consistent with this opinion.
WEIMER, J., concurs in the result.
GUIDRY, J., dissents and would deny the writ.

. La. Rev. Stat. § 9:5628 provides in part:
No action for damages for injury or death against any physician, ..,, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

. La. Rev. Stat. § 40:1299.41 was redesignat-ed to La. Rev, Stat. § 40:1231.1 by House Concurrent Resolution No, 84 of the 2015 Regular Session. For consistency, we will refer to this provision by its prior designation.

. La. Rev. Stat, § 40:1299.47 was redesignat-ed to La. Rev. Stat. § 40:1231.8 by House Concurrent Resolution No. 84 of the 2015 Regular Session. For consistency, we will refer to this provision by its prior designation.