Judgment rendered August 11, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,901-CW

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

IN RE MEDICAL REVIEW                          Respondents
PANEL PROCEEDINGS FOR
THE CLAIM OF ALEX LANE
(D), ET AL.


versus


NEXION HEALTH AT MINDEN,                      Applicant
INC., D/B/A MEADOWVIEW
HEALTH & REHAB CENTER

* * * * *

On Application for Writs from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 597,005

Honorable Craig O. Marcotte, Judge

* * * * *

CARAWAY LEBLANC, L.L.C.                       Counsel for Applicant
By: Ann Marie LeBlanc
    Kathryn M. Caraway
    Ryan M. Goudelocke
    Erica L. Andrews


LAW OFFICES OF GIA KOSMITIS                   Counsel for
By: Georgia P. Kosmitis                       Respondents, Pamela
    Avery E. Bond                             Lane and Alex Lane
                                              (Deceased)

* * * * *

Before MOORE, PITMAN, and HUNTER, JJ.

**PITMAN, J.**

Defendant-Applicant Nexion Health at Minden, Inc., d/b/a Meadowview Health & Rehab Center ("Meadowview"), seeks review of the trial court's denial of its exception of prescription in favor of Plaintiff-Respondent Pamela Lane. For the following reasons, we deny the writ and remand for further proceedings.

## FACTS

In a letter dated September 8, 2016, Ms. Lane, individually and on behalf of her deceased son Alex Lane (the "Decedent"), requested to convene a Medical Review Panel ("MRP") to investigate the care rendered to the Decedent by Meadowview on September 9, 2015. She alleged that the Decedent was struck by an automobile on June 3, 2015; that after being released from the hospital, he was admitted to Meadowview on June 15, 2015, in a persistent vegetative state; that he had a shunt inserted on September 9, 2015; that when he returned to Meadowview, the staff failed to place him on oxygen; and that when the error was discovered several hours later, he was asystole. The Decedent's cause of death on September 12, 2015, was cardiopulmonary arrest with anoxic brain injury.

At Meadowview's request, the trial court extended the MRP numerous times.

On June 2, 2020, Ms. Lane filed an amended complaint. She stated that the dates of malpractice were from the date of the Decedent's admission to Meadowview on July 22, 2015, until his death on September 12, 2015. She contended that Meadowview's failures caused the Decedent to suffer multiple pressure injuries, severe infection, sepsis and death.

On August 11, 2020, Meadowview filed an exception of prescription or, in the alternative, a partial exception of prescription. It argued that Ms. Lane abandoned the allegation raised in her original complaint, i.e., lack of oxygen, because she did not mention it in the amended complaint, which supersedes the original complaint. It also contended that the additional allegations raised in the amended complaint prescribed because Ms. Lane did not file it until June 2020—more than one year after the malpractice that allegedly occurred between July and September 2015. Meadowview contended that the original complaint did not suspend prescription pursuant to the Medical Malpractice Act ("MMA"). It also argued that the amended complaint did not and could not relate back to the original complaint.

On October 5, 2020, Ms. Lane filed an opposition to the exception of prescription. She stated that pursuant to the MMA, a request for an MRP suspends prescription until 90 days after the issuance of the MRP's opinion and that the MRP has not yet rendered an opinion in this case. She noted that a request for an MRP is not subject to fact-pleading requirements and that the MMA allows plaintiffs to present additional evidence and information to the MRP.

A hearing on the exception was held on October 19, 2020. Counsel for Ms. Lane argued that the MMA does not require a plaintiff to specifically plead every theory of liability in the original complaint and that there is no requirement to show that the amended complaint relates back to the original complaint. Counsel for Meadowview argued that the amended complaint raised entirely new allegations and that the MMA does not allow for suspension of prescription for new claims. Counsel stated that it is fundamentally unfair for Meadowview to have to respond to new and

different claims several years after the original complaint was filed. Following these arguments, the trial court denied Meadowview's exception of prescription and filed its judgment to that effect on November 5, 2020.

Meadowview filed a notice of its intention to apply for a supervisory writ to seek review of the trial court's denial of its exception. This court granted this writ to the appellate docket.

## DISCUSSION

### *Prescription*

In its first assignment of error, Meadowview argues that the trial court erred in finding Ms. Lane met her burden of proving her amended complaint was not prescribed. It emphasizes that the amended complaint raised entirely new allegations and was filed nearly five years after the alleged malpractice occurred and four years after her original complaint. It states that pursuant to La. R.S. 9:5628, the amended complaint is prescribed on its face as it was filed on June 2, 2020, which is not within one or three years of the malpractice that allegedly occurred between July 22, 2015, and September 12, 2015. It also contends that the original complaint did not suspend prescription pursuant to the MMA because the MMA only allows suspension for joint tortfeasors and not for newly raised allegations. It further argues that the amended complaint cannot and does not relate back to the original complaint.

Ms. Lane argues that the trial court was correct in denying the exception of prescription. She states that the original petition is timely on its face as she filed it within one year of the date of the Decedent's death. She contends that her filing of the original complaint suspended prescription

3

pursuant to the MMA and will continue to do so until 90 days after the MRP renders its opinion.

Any action against health care providers concerning medical malpractice is subject to the MMA, La. R.S. 40:1231.1, *et seq*. *Perritt v. Dona*, 02-2601 (La. 7/2/03), 849 So. 2d 56. The MMA requires that all claims against health care providers be reviewed through an MRP before proceeding to any other court. *Id*. This filtering process is done to pressure either the claimant to abandon a worthless claim or the defendant to settle the case reasonably. *Id.*

The periods to file a medical malpractice claim are provided in La. R.S. 9:5628(A), which states, in pertinent part:

> No action for damages for injury or death against any …
> nursing home duly licensed under the laws of this state …
> whether based upon tort, or breach of contract, or otherwise,
> arising out of patient care shall be brought unless filed within
> one year from the date of the alleged act, omission, or neglect,
> or within one year from the date of discovery of the alleged act,
> omission, or neglect; however, even as to claims filed within
> one year from the date of such discovery, in all events such
> claims shall be filed at the latest within a period of three years
> from the date of the alleged act, omission, or neglect.

Both the one-year and three-year limitation periods of La. R.S. 9:5628 are prescriptive. *Borel v. Young*, 07-0419 (La. 7/1/08), 989 So. 2d 42 (*on reh'g*); *Jimerson v. Majors*, 51,097 (La. App. 2 Cir. 1/11/17), 211 So. 3d 651.

Medical malpractice claims are governed by the specific provisions of the MMA regarding suspension of prescription, to the exclusion of the general codal articles on interruption of prescription. *Davis v. State Through La. Racing Comm'n*, 20-01020 (La. 5/13/21), --- So. 3d ---, *reh'g denied*,

4

20-01020 (La. 6/29/21), *citing Borel v. Young*, *supra.* La. R.S. 40:1231.8(A)(2)(a) states, in pertinent part:

> The filing of the request for a review of a claim shall suspend the time within which suit must be instituted . . . until ninety days following notification, by certified mail . . . to the claimant or his attorney of the issuance of the opinion by the medical review panel . . . . The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. All requests for review of a malpractice claim identifying additional health care providers shall also be filed with the division of administration.

The explicit language of La. R.S. 40:1231.8(A)(2)(a) provides that the time for filing a suit is suspended during the pendency of the determination by the MRP until 90 days following notification of the MRP's decision by certified mail. *Guitreau v. Kucharchuk*, 99-2570 (La. 5/16/00), 763 So. 2d 575. When the 90-day period of suspension after the decision of the MRP is completed, plaintiffs in medical malpractice actions are entitled to the period of time, under La. R.S. 9:5628, that remains unused at the time the request for an MRP is filed. *Id.*

Statutes providing for prescriptive periods are to be strictly construed in favor of maintaining a cause of action. *Correro v. Caldwell*, 49,778 (La. App. 2 Cir. 6/3/15), 166 So. 3d 442, *writ denied*, 15-1536 (La. 10/23/15), 179 So. 3d 607. Thus, if there are two possible constructions, the one that favors maintaining an action, as opposed to barring, should be adopted. *Id.*

Typically, when prescription is raised by peremptory exception, the trial court's findings of fact on the issue of prescription are subject to the

manifest error-clearly wrong standard of review. *Specialized Loan Servicing, LLC v. January*, 12-2668 (La. 6/28/13), 119 So. 3d 582; *Correro v. Caldwell*, *supra*. However, when the sole issue before the court of appeal is the proper interpretation of the statutes pertaining to prescription under the MMA, the case presents a question of law, which is reviewed by this court under a *de novo* standard of review. *Specialized Loan Servicing, LLC v. January*, *supra*; *Correro v. Caldwell*, *supra*. A *de novo* review means the court will render judgment after its consideration of the legislative provision at issue, the law and the record, without deference to the legal conclusions of the tribunals below. *Specialized Loan Servicing, LLC v. January*, *supra*.

In the case *sub judice*, Ms. Lane's original complaint has not prescribed and remains pending. She timely filed the original complaint within one year of the alleged act of malpractice. La. R.S. 9:5628(A).

The issue before this court is whether the claims raised in the amended complaint prescribed or if the filing of the original complaint suspended prescription for subsequent complaints pursuant to La. R.S. 40:1231.8(A)(2)(a). Jurisprudence regarding La. R.S. 40:1231.8(A)(2)(a) focuses on its application to joint tortfeasors and has not addressed its potential application to additional claims raised through amended complaints. Considering the jurisprudential command to adopt the construction of a statute that favors maintaining a cause of action, we find that Ms. Lane's filing of her original complaint suspended prescription pursuant to La. R.S. 40:1231.8(A)(2)(a), that the MRP has not issued its opinion; and, therefore, that the claims raised in her amended petition have not prescribed. *See Correro v. Caldwell*, *supra*.

Accordingly, this assignment of error lacks merit.

*Pleading Requirements*

In its second assignment of error, Meadowview argues that the trial court erred in finding the original complaint encompassed the amended complaint simply because the stricter pleading requirements of a lawsuit do not apply to MRP complaints. It contends that although both complaints seek damages related to the Decedent's death, the narrowness of the allegation in the original complaint, i.e., oxygen deprivation, did not place it on notice of allegations raised in the amended complaint, i.e., infections and pressure ulcers; and, therefore, it would be greatly prejudiced if it had to defend the new allegations.

Ms. Lane argues that the trial court correctly applied the MMA's pleading requirements. She notes that the MMA does not require strict pleadings. She states that the original complaint requests the formation of the MRP and that it does not require the same detail for a petition instituting litigation before a court or an assertion of every theory of liability. She also argues that Meadowview is not prejudiced by having to defend the allegations made in the amended petition.

The MMA provides that a malpractice claim shall contain a request for the formation of an MRP; the name of only one patient for whom, or on whose behalf, the request for review is being filed; the names of the claimants; the names of the defendant health care providers; the dates of the alleged malpractice; a brief description of the alleged malpractice as to each named defendant; and a brief description of the alleged injuries. La. R.S. 40:1231.8(A)(1)(b). The requirement of a "brief description of the alleged malpractice" does not mandate the type of fact pleading required in a court petition. *Ward v. Vivian Healthcare & Rehab. Ctr.*, 47,649 (La. App. 2 Cir.

7

5/15/13), 116 So. 3d 870. Rather, the claimant need only present sufficient information for the MRP to determine whether the defendant is entitled to the protection of the MMA. *Id.*, *citing Perritt v. Dona*, *supra.* Further, the legislature does not provide penalties for failure to comply with the requirements of La. R.S. 40:1231.8(A)(1)(b). *Ward v. Vivian Healthcare & Rehab. Ctr.*, *supra.*

As discussed above, Ms. Lane timely filed her original complaint. It appears to comply with the minimum requirements set forth in La. R.S. 40:1231.8(A)(1)(b). Even if the request failed to comply with the minimum requirements, the statute contains no penalty provision that would render the request invalid and without effect so that it does not suspend prescription. *See Ward v. Vivian Healthcare & Rehab. Ctr.*, *supra.*

There is no indication in this record of prejudice to Meadowview. It is the sole defendant and was the nursing home where the Decedent resided at the time of his death. As the health care provider to the Decedent, it should be aware of the care provided to the Decedent, his ailments and his death. Further, discovery remains ongoing in this case, and details of the alleged malpractice will be made clear upon the submission of written evidence to the MRP, which has not yet issued its opinion. *See Ward v. Vivian Healthcare & Rehab. Ctr.*, *supra.*

Accordingly, this assignment of error lacks merit.

## CONCLUSION

For the foregoing reasons, we deny the writ application and affirm the judgment of the trial court in favor of Plaintiff-Respondent Pamela Lane denying Defendant-Applicant Meadowview's exception of prescription and

remand for further proceedings.  Costs are assessed to Defendant-Applicant

Nexion Health at Minden, Inc., d/b/a Meadowview Health & Rehab Center.

**WRIT DENIED; JUDGMENT AFFIRMED; REMANDED.**