Judgment rendered February 26, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,099-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

ARNOLD WAYNE LEE AND                    Plaintiffs-Appellants
PAULA WHITE LEE

versus

GREEN CLINIC, ET AL                     Defendants-Appellees

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 63,123

Honorable Thomas W. Rogers, Judge

* * * * *

LAW OFFICE OF SUSAN E. HAMM            Counsel for Appellants
By: Susan E. Hamm

HUDSON, POTTS & BERNSTEIN, LLP         Counsel for Appellees,
By: Gordon L. James                    Kenneth Metoyer, M.D.,
    Sara G. White                      Edward Mariano, M.D.
                                       and the Green Clinic

* * * * *

Before PITMAN, COX, and MARCOTTE, JJ.

**PITMAN, C. J.**

Plaintiffs Arnold Wayne Lee and Paula White Lee appeal the dismissal on the basis of prescription of their medical malpractice suit against Defendants Kenneth Metoyer, M.D., Edward Mariano, M.D., and the Green Clinic. For the following reasons, we reverse and remand for further proceedings.

## FACTS

Plaintiffs filed a suit for medical malpractice against Defendants alleging that they treated Arnold for certain neurological deficiencies beginning April 12, 2017, and for a stroke which occurred in August 2019. Plaintiff was hospitalized for a period of four weeks for treatment after the stroke and, on September 30, 2019, presented to one of the Defendants with weakness on his left side. The petition alleges that Plaintiff still has weakness on his left side and cannot return to work. It also mentions several dates, but does not state the date of discovery of the alleged act of malpractice.

On April 13, 2020, Plaintiffs sent a complaint to the Division of Administration ("DA") requesting the formation of a medical review panel. The complaint states that the date of discovery of the alleged malpractice was August 24, 2019. It also states that it was sent by certified mail, but the envelope arrived without postage of any kind and without a green card for delivery information attached to the envelope. Because it arrived without postage or proof of certified mail, the DA considered it sent by regular mail and acknowledged receipt on April 20, 2020. Courtesy copies sent to the other parties were in envelopes that had postage.

The process to review the claim began; and, on October 11, 2022, the medical review panel's written opinion was sent by certified mail to all parties. Plaintiffs presented evidence that they did not receive the opinion until October 18, 2022. Plaintiffs filed suit against Defendants in Lincoln Parish on May 30, 2023.

Defendants filed a peremptory exception of prescription and claimed that Plaintiffs' time for filing suit had lapsed by the time the petition was filed in the district court. They claimed that to be timely filed, the claim of malpractice must be filed with the DA within one year from the date of the alleged act, omission or neglect, or within one year from the date of discovery of the alleged act of malpractice. The filing of the claim with the DA suspends prescription during the pendency of the claim until 90 days after the opinion of the medical review panel is sent to the parties by certified mail. After receipt of an opinion by certified mail, the remaining days of the year begin tolling prescription on plaintiff's cause of action.

Defendants contend that as per the letter to the DA, the original prescriptive period began to run on August 24, 2019, the stated date of discovery of the alleged act of malpractice; and the complaint was received by it on April 20, 2020. Defendants calculated that Plaintiffs had 90 days plus the remaining 125 days to file, or until May 21, 2023, a Sunday, to file suit. Because it was a Sunday, Plaintiffs had one extra day, until May 22, 2023, to file suit. Their petition was filed in the district court on May 30, 2023, beyond the time limit calculated by Defendants for prescription to have run.

The matter was set for a hearing on March 21, 2024.[1] Plaintiffs' counsel was not present for the hearing. The hearing was held, Defendants supported their exception and no defense to the exception was presented. On April 10, 2024, the trial court rendered judgment sustaining the exception of prescription and dismissing Plaintiffs' suit with prejudice.

Plaintiffs have filed this appeal seeking review of the granting of the exception of prescription and the dismissal of their action.

**DISCUSSION**

Plaintiffs argue that the prescriptive period for filing their lawsuit was improperly calculated because they sent their claim to the DA by certified mail on April 13, 2020, and that is the day that should have marked the beginning of the suspension of prescription instead of April 20, 2020. Plaintiffs contend that the green card associated with certified mail was contained in the envelope received by the DA with the complaint dated April 13, 2020, and that the DA acknowledged it had received the complaint. They argue that they had 90 days plus 133 days to file the petition for damages and that May 29, 2023, the last day the petition could be filed, was Monday, Memorial Day, so the petition was timely filed on May 30, 2023. For these reasons, they contend that the granting of the exception of prescription should be reversed and their lawsuit reinstated.

Defendants argue that the trial court correctly sustained the exception of prescription and dismissed the Plaintiffs' case with prejudice.

---

[1] Plaintiffs' attorney asserts that a memorandum in opposition to the exception of prescription was filed but does not appear in the appellate record. She stated that she attached a copy of certain exhibits to the memorandum and that the trial court noted in its judgment that she had filed an opposition; however, neither the memorandum nor the exhibits appear in the appellate record.

Any action against health care providers concerning medical malpractice is subject to the Medical Malpractice Act ("MMA"). La. R.S. 40:1231.1, et seq.; *Perritt v. Dona*, 02-2601 (La. 7/2/03), 849 So. 2d 56. La. R.S. 9:5628(A) delineates time limitations for filing a medical malpractice action and states that it shall be brought within one year from the date of the alleged act, omission, or neglect or within one year from the date of discovery of the alleged act, omission or neglect. Further, La. R.S. 40:1231.8(A)(2)(a) pertains to the suspension of prescription during the pendency of the medical review panel process and provides that the request for review shall suspend the time within which suit must be brought until 90 days following notification, by certified mail, to the claimant or his attorney of the issuance of an opinion by the medical review panel.

La. R.S. 40:1231.8(A)(2)(b) provides that the period of suspension begins when the request for review is deemed filed by the DA as follows:

> (i) The request for review of a malpractice claim under this Section shall be deemed filed on the date the request is:
>
> * * *
>
> (bb) Mailed, if the request is delivered by certified or registered mail to the division of administration.
>
> (cc) Received, if the request is delivered to the division of administration by any means other than as provided by Subitem (aa) or (bb) of this Item.
>
> (ii) Upon receipt, the request shall be stamped with the filing date and certified by the division of administration. Filing of the request shall be complete only upon timely compliance with the provisions of Subparagraph (1)(c) or (d) of this Subsection. Upon receipt of any request, the division of administration shall forward a copy of the request to the board within five days of receipt.

4

Typically, when prescription is raised by peremptory exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. *Specialized Loan Servicing, LLC v. January*, 12-2668 (La. 6/28/13), 119 So. 3d 582; *Med. Rev. Panel for Lane v. Nexion Health at Minden, Inc.*, 53,901 (La. App. 2 Cir. 8/11/21), 326 So. 3d 340, *writ denied sub nom. Med. Rev. Panel Proc. for Lane v. Nexion Health at Minden, Inc.*, 21-01410 (La. 11/23/21), 328 So. 3d 82. However, when the sole issue before the court of appeal is the proper interpretation of the statutes pertaining to prescription under the MMA, the case presents a question of law, which is reviewed by this court under a *de novo* standard of review. *Specialized Loan Servicing, LLC v. January*, *supra*. A *de novo* review means the court will render judgment after its consideration of the legislative provision at issue, the law and the record, without deference to the legal conclusions of the tribunals below. *Id.*

Statutes providing for prescriptive periods are to be strictly construed in favor of maintaining a cause of action. *Correro v. Caldwell*, 49,778 (La. App. 2 Cir. 6/3/15), 166 So. 3d 442, *writ denied*, 15-1536 (La. 10/23/15), 179 So. 3d 607. Thus, if there are two possible constructions, the one that favors maintaining an action, as opposed to barring it, should be adopted. *Id.*

When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. La. C.C.P. art. 934. If the grounds of the objection raised through the exception cannot be so removed, or if the plaintiff fails to

comply with the order to amend, the action, claim, demand, issue or theory shall be dismissed. *Id*.

Where the plaintiff has raised allegations in argument which might be sufficient to overcome a peremptory exception of prescription, he should be allowed time to amend his petition to assert such allegations, even though the claim asserted in the original petition is prescribed on its face. *Breland v. Willis Knighton Med. Ctr.*, 51,150 (La. App. 2 Cir. 2/15/17), 212 So. 3d 724, *writ denied sub nom. In re Breland*, 17-0685 (La. 6/16/17), 220 So. 3d 758, *citing Whitnell v. Menville*, 540 So. 2d 304 (La. 1989). A court may allow time to amend if the new allegations raise the possibility that the claim is not prescribed, even if the ultimate outcome of the prescription issue, once the petition is amended, is uncertain. *Whitnell v. Menville*, *supra*. An opportunity to amend should be allowed unless it can be determined, in advance of the amendment, that the new allegations could have no effect on the prescription issue. *Id*.

In this case, we find that Defendants have supported their exception of prescription and that the burden of proof has shifted to Plaintiffs to counter the trial court's finding that prescription has run. Based on arguments by Plaintiffs' attorney that she filed an opposition to the exception of prescription with exhibits that were not included in the record, and the fact that there is a possibility the petition can be amended and proof of certified mailing of the complaint to the DA can be provided, we reverse and remand for further action consistent with this opinion. If the petition cannot be so amended, or the proof of certified mailing cannot be proven to have taken place on April 13, 2020, the exception of prescription can be sustained once again.

**CONCLUSION**

The judgment of the trial court sustaining the peremptory exception of prescription filed by Defendants Kenneth Metoyer, M.D., Edward Mariano, M.D., and the Green Clinic, and dismissing the medical malpractice action filed by Plaintiffs Arnold Wayne Lee and Paula White Lee, is hereby reversed, and the matter is remanded for amendment of the petition to allege facts and provide proof that the complaint to the Division of Administration was mailed by certified mail on that date.  Costs of this appeal are assessed equally to Plaintiffs-Appellants and Defendants-Appellees.

**REVERSED AND REMANDED.**