STEWART, J.
| tAt issue in this appeal is whether a medical malpractice action is prescribed when the request for review by a medical review panel was filed within one year of the victim’s death but the Patient’s Compensation Fund (PCF) determined that the request did not satisfy the minimum requirements set forth in La. R.S. 40:1299.47(A)(l)(b). The trial court denied the peremptory exception of prescription asserted by the defendant, Nexion Health at Vivian, Inc., d/b/a Vivian Healthcare Center. This court denied the defendant’s request for supervisory review, but the supreme court granted the defendant’s writ and remanded for briefing, argument, and a full opinion. Because the legislature did not provide any penalty for the failure of a request to contain all the minimum requirements, because the request at issue does not clearly fail to meet the minimum requirements, and because the request was filed within one year of the victim’s death, we now affirm the trial court’s judgment and remand for further proceedings.
FACTS
Mancil Watson, a resident of Vivian Healthcare Center, a nursing home in Vivian, Louisiana, died on July 8, 2009. His death certificate lists malnutrition as the cause of death, with dementia and a cere-brovascular infarction (a stroke) as secondary causes.
By letter dated July 2, 2010, and stamped received by the Division of Administration on July 7, 2010, an attorney on behalf of Mr. Watson’s estate, the plaintiff herein, filed a formal complaint against the defendant requesting the formation of a medical review panel.[1] The letter, which was ^accompanied by a $100 filing fee, alleged that the defendant “did not provide proper care for Mr. Mancil Watson which caused his death.” The letter referred to July 8, 2009, as the “Date of Occurrence.”
By letter dated July 19, 2010, the PCF returned the letter, citing the failure to provide the date of death and a brief description of the alleged malpractice. The letter stated, “Please be advised that in order to maintain your original filing date, you must return the corrected panel request within thirty (30) days of the date of this letter.” The PCF letter also acknowledged its receipt of the $100 filing fee, which was not returned.
The attorney for Mr. Watson’s estate sent a follow-up letter dated August 19, 2010, and stamped received by the Division of Administration on August 20, 2010. This letter stated that Mr. Watson died on July 8, 2009, that he was a patient at the nursing home due to a stroke that resulted in him being unable to walk, and that the staff allowed bedsores to develop and failed to provide proper nutrition, which was a direct cause of his death.
On March 9, 2012, the defendant filed an exception of prescription in the First Judicial District Court, asserting that the plaintiffs medical malpractice claim is un *873 timely because it was not deemed filed within the prescriptive period set forth in La. R.S. 9:5628. In support of its exception, the defendant asserted that the plaintiff failed to timely submit a claim that met the requisites of La. R.S. 40:1299.47(A)(1)(b) and that the PCF had no authority to, in effect, extend the prescriptive period by granting an additional 30 days for the plaintiff to file a corrected request. The defendant noted, too, that the plaintiff failed to timely file the corrected request within |3the 30-day extension granted by the PCF. Thus, even if the PCF could grant the extension, the claim still would not be deemed filed within the applicable prescriptive period for medical malpractice actions.
In a memorandum opposing the exception, the plaintiff argued that the amended request related back to the timely original request.
The exception was argued before the trial court on April 30, 2012. Plaintiffs counsel was unable to attend and submitted based on the filings. After taking the matter under advisement, the trial court rendered a judgment on May 31, 2012, denying the defendant’s exception of prescription.
As stated above, this court denied the defendant’s application for supervisory review, but the supreme court granted the writ and remanded for briefing, argument, and a full opinion. In re Watson, 2012-1891 (La.11/30/12), 103 So.3d 361. At issue, as presented by the defendant, is whether the filing of a request that does not comply with the requirements of La. R.S. 40:1299.47(A)(1)(b) suspends prescription on the malpractice claim; if not, is the PCF authorized to extend the prescriptive period by allowing the claimant to maintain the original filing date by filing a corrected request; and if the PCF is authorized to grant the extension, is the malpractice claim prescribed when the claimant then fails to file a corrected request within the extended period.
DISCUSSION
The prescriptive period for actions based on medical malpractice is set forth by La. R.S. 9:5628(A), which requires such claims to be brought |4within one year of the alleged act, omission, or neglect or within one year from the date of discovery. However, all such claims must be filed, at the latest, within three years from the date of the alleged act, omission, or neglect. La. R.S. 9:5628(A).
The filing of a request for review by a medical review panel suspends the prescriptive period. La. R.S. 40:1299.47(A)(2)(a). Such requests are deemed filed “on the date of receipt of the request stamped and certified by the division of administration!.]” La. R.S. 40:1299.47(A)(2)(b). The plaintiffs request was stamped received by the division of administration on July 7, 2010, within one year of the death of Mr. Watson. Though the request appears timely, the defendant argues that the request did not comply with the mandatory requirements of La. R.S. 40:1299.47(A)(1)(b), is not valid, and did not suspend prescription.
Determining whether the plaintiffs claim is prescribed requires interpretation of La. R.S. 40:1299.47(A)(1)(b). Where an exception of prescription involves the interpretation of a statute, a legal issue is presented and the de novo standard of review is applied. Johnson v. Littleton, 45,323 (La.App.2d Cir.5/19/10), 37 So.3d 542.
The purpose of statutory interpretation is to determine legislative intent. Perritt v. Dona, 2002-2601 (La.7/2/03), 849 So.2d 56. When a law is clear and unambiguous and its application does not lead to absurd *874 consequences, the law shall be applied as written with no further interpretation made in search of the legislative intent. Id.; La. C.C. art. 9; La. R.S. 1:4. The legislature is presumed to act with knowledge of the ^principles of statutory construction and existing laws on the same subject. Borel v. Young, 2007-0419 (La.11/27/07), 989 So.2d 42. When the legislature changes the wording of a statute, the presumption is that it intended to change the law. Id.
The Medical Malpractice Act (MMA), La. R.S. 40:1299.41 et seq., provides limitations on liability and other advantages to healthcare providers that are in derogation of the rights of tort victims. Therefore, the MMA must be strictly construed. Perritt, supra; Sewell v. Doctors Hospital, 600 So.2d 577 (La.1992). One such advantage is the requirement that a claim first be submitted to a medical review panel before the malpractice action may commence in court. La. R.S. 40:1299.47(B)(1)(a)(I); Williams v. Notami Hospitals of Louisiana, Inc., 2004-2289 (La.App. 1st Cir.11/4/05), 927 So.2d 368. The medical review panel is a filtering process that is meant to weed out frivolous claims or prompt defendants to settle valid claims reasonably. Perritt, supra; Everett v. Goldman, 359 So.2d 1256 (La.1978). However, the medical review panel’s findings are not binding on the parties. Perritt, supra.
The review process begins with the filing of a request in accordance with La. R.S. 40:1299.47(A). The legislature by Acts 2003, No. 961, amended this statute to provide requirements for the medical review panel request. La. R.S. 40:1299.47(A)(1)(b) states:
(b) A request for review of a malpractice claim or a malpractice complaint shall contain, at a minimum, all of the following:
(i) A request for the formation of a medical review panel.
(ii) The name of only one patient for whom, or on whose behalf | fithe request for review is being filed; however, if the claim involves the care of a pregnant mother and her unborn child, then naming the mother as the patient shall be sufficient.
(iii) The names of the claimants.
(iv) The names of the defendant health care providers.
(v) The dates of the alleged malpractice.
(vi) A brief description of the alleged malpractice as to each named defendant health care provider.
(vii) A brief description of the alleged injuries.
The above language appears clear and unambiguous. The legislature’s use of the word “shall” signals that these are mandatory requirements. La. R.S. 1:3. Thus, the legislature has seen fit to provide mandatory minimum requirements for the information that must be contained in a request for a medical review panel. WZhat the legislature has not provided is guidance as to the penalty or effect of the failure of a claimant to comply with all the requirements.
The statute, as it existed prior to the 2003 amendments and exists now, provides a penalty for the failure to a pay the required filing fee. The failure to either pay the filing fee or obtain a waiver within the requisite 45-day period following the mailing of confirmation of receipt of the request “shall render the request for review of a malpractice claim invalid and without effect.” La. R.S. 40:1299.47(A)(1)(e). The defendant notes that courts have strictly enforced this provision. For instance, the defendants cite In re Herring, 2007-1087 (La.App. 3d Cir.1/30/08), 974 So.2d 924, wherein the *875 claimant’s failure to timely pay the filing fee rendered his request invalid. Because the invalid request did not operate to suspend ^prescription, Herring’s malpractice claim was dismissed on an exception of prescription. This case and others cited by the defendant are based on the clear language of La. R.S. 40:1299.47(A)(1)(e).[2]
Recognizing that the statute does not expressly provide that the failure to comply with the mandatory minimum requirements for a medical review panel request renders the request “invalid and without effect,” the defendant argues that no express provision is necessary. The defendant asserts that the statute now defines what constitutes a valid request; therefore, a request that does not include the required minimum elements is not valid.
In amending La. R.S. 40:1299.47, the legislature was surely aware of the language stating that the failure to pay a filing fee renders the request “invalid and without effect.” Yet, the legislature did not include similar language with regard to a request that does not contain all the listed elements. It is not the job of the judiciary to insert penalty provisions into a statute where the legislature has not done so. Marks v. New Orleans Police Department, 2006-0575 (La.11/29/06), 943 So.2d 1028.
The Marks ease concerned the application of La. R.S. 40:2531(B), which specifies the minimum standards that apply when a law enforcement officer is under investigation. The statute requires the completion of an investigation within 60 days, unless the police department obtains an extension from the Municipal Fire and Police Civil Service Board. Marks, |8then a sergeant in the New Orleans Police Department (NOPD), was terminated as a result of an investigation completed after the 60-day period had passed. Marks’ termination was upheld by the Civil Service Commission, but reversed by the appellate court because of the failure to comply with the minimum standards set forth in La. R.S. 40:2531(B).
The NOPD appealed to the supreme court, which reversed the appellate court’s decision on the grounds that the legislature did not include any penalty in the statute for noncompliance with the 60-day period and that the judiciary could not supply the penalty. The court found that the failure to comply with the 60-day period did not require dismissal of the disciplinary action. The supreme court was not persuaded by the use of “shall” in the statute.[3] The court noted that statutes employing mandatory language generally prescribe some penalty if the required action is not done. The court noted that when the terms of statute “are limited to what is required to be done, ie., procedural rules, then the statute is considered directory even though mandatory language is employed.” Id., 2006-0575 at 10, 943 So.2d at 1035. The supreme court was also persuaded by the absence of any prejudice to Marks from the delay in his disciplinary action.
Likewise in Carter v. Duhe, 2005-0390 (La.1/19/06), 921 So.2d 963, the court refused to provide a penalty, where none was provided by the legislature, for the failure *876 of a builder to give a homeowner written notice of the New Home Warranty Act (NHWA) requirements as mandated by La. |flR.S. 9:3145.[4] While acknowledging that laws are not to be construed in a way that renders them meaningless, the court recognized that “it is not the function of the judicial branch in a civilian legal system to legislate by inserting penalty provisions into statutes where the legislature has chosen not to do so.” Id., 05-3090 at 10, 921 So.2d at 970. The supreme court found that the homeowner was not prejudiced by the builder’s failure to provide the required notice.[5]
Similarly, the statute at issue in this matter has mandatory language setting forth the requirements for a medical review panel request, but no penalty provision for noncompliance. Moreover, there is no allegation or showing that the defendant was prejudiced by the allegedly deficient request. It is not the function of this court to provide a penalty where the legislature has not done so. Therefore, strictly construing the statutory provision at issue, we cannot conclude that the request received on July 7, 2010, was invalid and without effect and did not suspend prescription on the underlying malpractice claim.
We observe that contrary to the PCF’s rejection of the request, the letter received July 7, 2010, did include the date of death, July 8, 2009, which was referred to as the “Date of Occurrence.” Strictly construed, the statute itself does not explicitly require a date of death; it requires the |indate(s) of the alleged malpractice. La. R.S. 40:1299.47(A)(1)(b)(v). July 8, 2009, is the date that Mr. Watson died as a result of malnutrition allegedly caused by the defendant’s failure to provide proper care. Thus, the original request appears to include the requisite date.
The letter also alleged that the defendant failed to provide proper care for Mr. Watson and that this failure caused his death. The letter did not specify in what way the defendant failed to provide proper care. Thus, the PCF concluded that it was deficient.
In Perritt, supra, which predates the effectiveness of the 2003 amendments to La. R.S. 40:1299.47, the claimant’s letter set forth the dates of treatment and the alleged date of malpractice. It also maintained that the defendants deviated from the applicable standard of care. The defendants sought to compel the plaintiff to provide more information. The trial court agreed that the letter did not contain facts sufficient to provide the defendants with proper notice and granted the motion to compel. After the supreme court granted writs and ordered this court to review the matter, we affirmed the district court’s ruling and found that the defendants’ motion to compel was essentially an exception of no cause of action or vagueness based on the plaintiffs failure to list his injury or the facts that caused it. The supreme court then considered the Perritt matter along with two other cases concerning whether the parties may propound interrogatories during the review panel stage when the complaint fails to set forth facts *877 sufficient to provide notice as to the alleged malpractice. The supreme court concluded that neither interrogatories, the exception of no cause of action, |nnor the exception of vagueness is permissible during the medical review panel stage.
In determining that the MMA does not allow interrogatories in the review panel stage, the supreme court noted that La. R.S. 40:1299.47 does not provide a required format for the “complaint” and that nothing in the MMA specifies that the defendants are entitled to “notice.” As stated:
The claim is not required to be a fact pleading with the specificity that may be required in a petition in a lawsuit; rather, the claim need only present sufficient information for the panel to make a determination as to whether the defendant is entitled to the protection of the Act.
Id., 02-2601 at p. 13, 849 So.2d at 65.
Likewise, in concluding that the MMA does not allow for exceptions of no cause of action or vagueness during the medical review panel stage, the court again noted that it is a claim, not a petition, that is before the panel for review. Thus, the court indicated that the claim or request for a medical review panel does not require the same detail as to the facts of the alleged malpractice as is required for a petition instituting litigation before a court.
The legislature has amended La. R.S. 40:1299.47, and there are now minimum requirements for a request for review of a malpractice claim but no penalty for noncompliance with these requirements. As to the facts of the alleged malpractice, La. R.S. 40:1299.47(A)(1)(b)(vi) requires only a “brief description of the alleged malpractice as to each named defendant health care provider.” This does not mandate the type of fact pleading required in a court petition. The requirement for “a brief description of the alleged malpractice” is in line with the pre-amendment law of Perritt, supra, |12that the claimant “need only present sufficient information for the panel to make a determination as to whether the defendant is entitled to the protection of the [MMA].” Perritt, 02-2601 at 13, 849 So.2d at 65. This information is provided through the submission of written evidence to the medical review panel as provided by La. R.S. 40:1299.47(D), not the initial request to the PCF for review.
Considering the clear and plain language of the statute and construing it strictly due to its provisions being in derogation of the rights of tort victims, we find the statement that the “provider did not provide proper care for Mr. Mancil Watson which caused his death” to be a “brief description of the alleged malpractice” as to the defendant herein. As stated, there is no allegation or indication in this record of prejudice to the defendant from this brief description of the alleged malpractice. The sole defendant is the nursing home where Mr. Watson resided, and it would surely be aware of the care that was provided to him, of his ailments, and of his death. The initial request suffices as notice to the defendant that a malpractice claim is being asserted based on its failure to provide proper care to Mr. Watson. The details of that alleged failure will be made clear upon the submission of written evidence to the medical review panel.
We find that the initial request received on July 7, 2010, within one year of Mr. Watson’s death, was timely. It appears to comply with the minimum requirements set forth by La. R.S. 40:1299.47(A)(1)(b). We also find that even if the request failed to comply with the minimum requirements, *878 the statute contains no penalty provision that would render the |iarequest invalid and without effect so that it does not suspend prescription. For these reasons, we affirm the trial court’s judgment. Our findings preclude the need to address the defendant’s remaining issues concerning the authority of the PCF to grant additional time to file a corrected request and the timeliness of the corrected request.
CONCLUSION
For the reasons explained in this opinion, we affirm the trial court’s judgment denying the exception of prescription asserted by the defendant. We assess the defendant with costs and remand for further proceedings.
AFFIRMED and REMANDED.

. The letter referred to the defendant as Vivian Healthcare & Rehabilitation Center.

. See In re Medical Review Panel Proceedings of Ouder, 2007-1266 (La.App. 1st Cir.5/2/08), 991 So.2d 58; In re Medical Review Panel Proceedings of Berry, 2009-0752 (La.App. 4th Cir. 1/27/10), 30 So.3d 251; and Igwike v. Memorial Medical Center, 06-0167 (La.App. 4th Cir.5/23/07), 959 So.2d 562.

. La. R.S. 40:2531(B) states that "the following minimum standards shall apply” when a law enforcement officer is under investigation.

. La. R.S. 9:3145(B) provides, in relevant part, "The builder shall give the owner written notice of the requirements of this Chapter at the time of the closing!.]”

. The notice obligation required the builder to provide notice of the law, namely, the warranties provided by the NHWA. The court explained that it would be contrary to the established principle that all citizens are charged with knowledge of the law to mandate prior notice for the law to be effective. Carter, supra. In contrast, the NHWA penalizes an owner who fails to give the builder notice of defects. See La. R.S. 9:3144.