IN RE: MEDICAL REVIEW PANEL CLAIM OF:
ASHLEY BABIN

NO. 21-CA-198

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 806-264, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

December 15, 2021

**JUDE G. GRAVOIS**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Hans J. Liljeberg

**AFFIRMED**
    **JGG**
    **SMC**
    **HJL**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
DWAYNE DELAUNE, LOGAN BABIN AND DWAYNE BABIN
    Ravi Sangisetty
    William D. Boyles

COUNSEL FOR DEFENDANT/APPELLEE,
OCHSNER MEDICAL CENTER - WESTBANK
    Carl E. Hellmers, III
    Stephanie D. O'Brien

COUNSEL FOR DEFENDANT/APPELLEE,
DR. JAMES CALLAGHAN
    Peter J. Butler, Jr.
    Richard G. Passler, Jr.
    Michael C. Luquet

COUNSEL FOR DEFENDANT/APPELLEE,
JOHN TRUITT BALART, M.D.
    C. William Bradley, Jr.
    Richard S. Crisler
    L. David Adams

**GRAVOIS, J.**

In this medical malpractice suit, plaintiffs/appellants, Dwayne Delaune, Login Babin, and Dwayne Babin, appeal a final judgment which sustained peremptory exceptions of prescription filed by defendants/appellees, Dr. James W. Callaghan, Dr. John Truitt Balart, and Ochsner Baptist Medical Center – Westbank, and dismissed their medical malpractice claims against defendants. For the reasons that follow, we affirm.

<u>FACTS AND PROCEDURAL HISTORY</u>

On August 21, 2019, Ashley Babin presented to the emergency room at West Jefferson Medical Center with complaints of severe abdominal pain. While there, she was treated by an emergency room physician, Dr. James W. Callaghan, and a radiologist, Dr. John Truitt Balart. She was discharged, but later that same day presented at Ochsner Baptist Medical Center – Westbank, where she was diagnosed with a bowel perforation. She was subsequently taken into surgery. Mrs. Babin died on August 23, 2019.

On February 24, 2020, a request for a medical review panel was filed with the Division of Administration ("DOA") regarding Mrs. Babin and alleging malpractice by Dr. Callaghan, Dr. Balart, and Ochsner Medical Center – Westbank. Mrs. Babin was the only individual referenced in this complaint other than the defendants. On February 28, 2020, the Patient's Compensation Fund ("PCF") sent a certified letter to plaintiffs' counsel acknowledging receipt of the request for a medical review panel.

By letter dated October 13, 2020 to the PCF, Dr. Callaghan requested that the medical review panel request be dismissed since it did not meet the requirements of La. R.S. 40:1231.8(A)(1)(b) in that it did not name a claimant. Dr. Callaghan asserted that the complaint only identified Mrs. Babin, but because she had died prior to the filing of the complaint, she could not be considered the

claimant. On October 14, 2020, the following day, plaintiffs filed a supplemental request for a medical review panel with the DOA, in which Dwayne Delaune, Mrs. Babin's surviving husband, and Login Babin and Dwayne Babin, Mrs. Babin's surviving children, were named as claimants.

Thereafter, each defendant filed a peremptory exception of prescription, alleging that the October 14, 2020 medical review panel request was prescribed on its face and could not relate back to the February 24, 2020 filing since that request was legally invalid as it did not name a proper party claimant.

Following a hearing on the exceptions, the trial court signed a judgment on January 11, 2021 sustaining defendants' peremptory exceptions of prescription, dismissing the medical malpractice claims against defendants, and dismissing the pending medical review panel proceeding in this case.

This appeal followed. On appeal, plaintiffs argue that the trial court erred in granting the exceptions of prescription and dismissing their medical malpractice claims. Specifically, they assert:

1. The Louisiana Medical Malpractice Act's provisions regarding prescription should be strictly construed against a finding of prescription.

2. The Louisiana Medical Malpractice Act and its relevant regulations provide for an opportunity for corrective action to be taken on deficiencies and prescription remains suspended during same.

3. Prescription remained suspended from the filing of the initial malpractice complaint, making the corrected complaint subsequently timely filed.

4. The Louisiana Supreme Court's decision in *Guffey* allows for plaintiffs' attorney to be considered a claimant such that the initial complaint was proper and timely.

5. The jurisprudence cited by defendants is clearly distinguishable as the incorrect parties initiated the medical review panel proceeding in those cases, whereas in the present case the appropriate parties instituted the proceedings.

6. Alternatively, the submission of evidence to the attorney-chair should operate to constitute a timely-filed and valid medical review panel request.

# LAW AND ANALYSIS

"On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La. C.C.P. art. 931. The standard of review of a trial court's ruling on a peremptory exception of prescription turns on whether evidence is introduced. *Wells Fargo Financial Louisiana, Inc. v. Galloway*, 17-413 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800. When no evidence is introduced, appellate courts review judgments sustaining an exception of prescription *de novo*, accepting the facts alleged in the petition as true. *DeFelice v. Federated Nat'l Ins. Co.*, 18-374 (La. App. 5 Cir. 7/9/19), 279 So.3d 422, 426. However, when evidence is introduced at a trial on an exception of prescription, the trial court's findings of fact are reviewed under the manifest error standard. *Id.* "The standard of review of a trial court's finding of facts supporting prescription is that the appellate court should not disturb the finding of the trial court unless it is clearly wrong." *Felix v. Safeway Ins. Co.*, 15-701 (La. App. 4 Cir. 12/16/15), 183 So.3d 627, 631 (citations omitted).

Ordinarily, the party urging prescription bears the burden of proving that the cause of action has prescribed. *Vicari v. Window World, Inc.*, 14-870 (La. App. 5 Cir. 5/28/15), 171 So.3d 425, 435, *writ denied*, 15-1269 (La. 9/25/15), 178 So.3d 570. However, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Id.* When a cause of action is prescribed on its face, the burden is upon the plaintiff to show that the running of prescription was suspended or interrupted in some manner. *Woods v. Cousins*, 12-100 (La. App. 5 Cir. 10/16/12), 102 So.3d 977, 979, *writ denied*, 12-2452 (La. 1/11/13), 107 So.3d 617 (internal citations omitted). Prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be enforced. *DeFelice, supra*, at 426.

The prescriptive period for medical malpractice actions is set forth in La. R.S. 9:5628, which states in pertinent part:

> A. No action for damages for injury or death against any physician, chiropractor, nurse, licensed midwife practitioner, dentist, psychologist, optometrist, hospital or nursing home duly licensed under the laws of this state, or community blood center or tissue bank as defined in La. R.S. 40:1231.1(A), whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

Pursuant to the Louisiana Medical Malpractice Act, a party must first present a proposed complaint to a medical review panel for review prior to filing suit in the trial court. La. R.S. 40:1231.8(A)(1)(a).[1] *Warren v. Louisiana Medical Mutual Insurance Company*, 07-0492 (La. 6/26/09), 21 So.3d 186, 204 (on rehearing). The prescriptive period for filing a lawsuit set forth in La. R.S. 9:5628(A) is suspended during the full time that a claim is pending before a medical review panel and for ninety days following notification to the claimant (or his/her attorney) of the panel's opinion. La. R.S. 40:1231.8(A)(2)(a).[2]

---

[1] La. R.S. 40:1231.8(A)(1)(a) provides:

All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. The filing of a request for review by a medical review panel as provided for in this Section shall not be reportable by any health care provider, the Louisiana Patient's Compensation Fund, or any other entity to the Louisiana State Board of Medical Examiners, to any licensing authority, committee, or board of any other state, or to any credentialing or similar agency, committee, or board of any clinic, hospital, health insurer, or managed care company.

[2] La. R.S. 40:1231.8(A)(2)(a) provides:

The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until ninety days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against

Louisiana Revised Statute 40:1231.8(A)(1)(b) provides that the required contents for a medical review panel request are as follows:

> (b) <u>A request for review of a malpractice claim or a malpractice complaint shall contain, at a minimum, all of the following:</u>
>
> (i) A request for the formation of a medical review panel.
>
> (ii) The name of only one patient for whom, or on whose behalf, the request for review is being filed; however, if the claim involves the care of a pregnant mother and her unborn child, then naming the mother as the patient shall be sufficient.
>
> (iii) <u>The names of the claimants.</u>
>
> (iv) The names of the defendant health care providers.
>
> (v) The dates of the alleged malpractice.
>
> (vi) A brief description of the alleged malpractice as to each named defendant health care provider.
>
> (vii) A brief description of the alleged injuries.
>
> (Emphasis added.)

On appeal, plaintiffs contend that the trial court erred in granting the exceptions of prescription because the original request for review filed on February 24, 2020 was timely filed and suspended prescription, and thus the supplemental request for review filed on October 14, 2020 was also timely. Plaintiffs argue that the jurisprudence cited by defendants, including *Guffey v. Lexington House*, *LLC*, 18-1568 (La. 5/8/19), 283 So.3d 1001, *reh'g denied*, 18-1568 (La. 6/26/19), 319 So.3d 820, is distinguishable because in the present case, the medical review panel request was not filed by an improper party, but rather did not list any claimant, or was valid since counsel for the appropriate claimants initiated the proceeding. Also, plaintiffs argue that their identity was disclosed to defendants when they

---

all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. All requests for review of a malpractice claim identifying additional health care providers shall also be filed with the division of administration.

responded to discovery less than two months after the request for a medical review panel was filed.

In *Guffey*, Deana Frederick timely filed a request for a medical review panel seeking review of the care given to her grandmother, Geneva Guffey, that resulted in her grandmother's death. In the request for review, Ms. Frederick identified herself as "CLAIMANT: Deana Frederick, on Behalf of her Deceased Grandmother." More than a year after Mrs. Guffey's death, Ms. Frederick sent a "supplement" to her request for review seeking to add two claimants, James Guffey, one of Mrs. Guffey's sons, and Ms. Frederick, as the representative of Mrs. Guffey and her estate. In response, the defendant filed an exception of no right of action, alleging that Ms. Frederick was not a proper party claimant because as Mrs. Guffey's granddaughter, she is not included in the class of persons who can file a survival action or a wrongful death action. *Id*. at 1003. The trial court denied the exception. Thereafter, the medical review panel issued its opinion, and within 90 days, plaintiffs, James Guffey and George Guffey, another of Mrs. Guffey's sons, filed suit individually and on behalf of their mother. The defendant filed an exception of prescription in response. *Id*. at 1004. The trial court denied the exception of prescription, and the Third Circuit denied the writ taken. *Id*. at 1005. Before the Supreme Court, the defendant argued 1) that Ms. Frederick was not a proper claimant under the Medical Malpractice Act because she did not meet the definition of a "claimant" under La. R.S. 40:1231.1(A)(4) and (A)(18), and because she was not entitled to seek damages as a result of Mrs. Guffey's death; and 2) a timely-filed request for a medical review panel only suspends prescription as to those claimants named in the original request for review and since Mrs.

Guffey's sons were not named in the original request for review and did not submit timely malpractice claims, their claims are prescribed.[3] *Id*. at 1006.

The issue presented before the Supreme Court was "the scope of the term 'claimant' under the medical malpractice act" and whether Ms. Frederick was a proper party to file a claim and initiate a medical review panel thus tolling prescription. *Id*. at 1007. The court considered the language of the statute, specifically "claimant" as defined in La. R.S. 40:1231.1(A)(4) and "representative" as defined in La. R.S. 40:1231.1(A)(18), and found that reading La. R.S. 40:1231.1(A)(4) in light of the Civil Code, presumes that only those persons with a right of action to seek damages or the representative specified in La. R.S.40:1231.1(A)(18) may qualify to be a "claimant" within the meaning of the Medical Malpractice Act.[4] *Id*. at 1010. Further, the Supreme Court found that when the legislature enacted La. R.S. 40:1231.8(B)(2),[5] it was made clear that a "claimant" must possess a right of action to seek damages to make a valid request for a medical review panel. *Id*.

---

[3] Because the Supreme Court found merit to the first argument that Ms. Frederick was not a proper "claimant" within the meaning of the Louisiana Medical Malpractice Act, the court did not reach the second issue. *Id*. at 1006.

[4] La. R.S. 40:1231.1(A)(4) defines claimant as:

"Claimant" means a patient or representative or any person, including a decedent's estate, seeking or who has sought recovery of damages or future medical care and related benefits under this Part. All persons claiming to have sustained damages as a result of injuries to or death of any one patient are considered a single claimant.

La. R.S. 40:1231.1(A)(18) defines representative as:

"Representative" means the spouse, parent, guardian, trustee, attorney or other legal agent of the patient.

[5] La. R.S. 40:1231.8(B)(2)(a) provides:

A health care provider, against whom a claim has been filed under the provisions of this Part, may raise peremptory exceptions of no right of action pursuant to Code of Civil Procedure Article 927(6) or any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.

The Supreme Court determined that Ms. Frederick was not a "representative" of Mrs. Guffey pursuant to La. R.S. 40:1231.1(A)(18) when she filed the initial request for the medical review panel because Mrs. Guffey was deceased at that time. Ms. Frederick could not then be a representative of the patient "because the patient was deceased and was not then seeking nor had she ever sought, damages or benefits under the Act." *Id*. at 1011. Alternatively, the Supreme Court found that the "supplement" in which Ms. Frederick added herself as a claimant in her capacity as representative of Mrs. Guffey's estate was filed more than a year after the date of the alleged malpractice and from the date of Mrs. Guffey's death and would not relate back to the original request for review. *Id*. at 1011. Furthermore, the Supreme Court found that Ms. Frederick as the succession representative of the estate also could not qualify as a "claimant" because Ms. Frederick as the succession representative did not have a right of action under the facts of the case to seek recovery of damages pursuant to La. C.C. arts. 2315.1 or 2315.2. *Id*. Therefore, the Supreme Court found that Ms. Frederick's original request for a medical review panel did not toll prescription pursuant to La. R.S. 40:1231.8(A)(2)(a). *Id*. at 1012.

Based on our review of *Guffey*, we find that the February 24, 2020 request for review did not suspend prescription because it failed to name a proper claimant. In the present case, Mrs. Babin was the only party named in the original request for review. We find that Mrs. Babin does not qualify as a "claimant" under the Medical Malpractice Act, since she was deceased at the time the original complaint was filed and had no cause of action.[6] Because she is not a proper claimant, the original request for review filed on February 24, 2020 did not toll prescription. Therefore, because prescription was not suspended, the request for review naming

---

[6] A natural person is a human being. La. C.C. art. 24. "Natural personality commences from the moment of live birth and terminates at death." La. C.C. art. 25.

plaintiffs filed on October 14, 2020 which was more than a year after Mrs. Babin's death was untimely.

In brief, plaintiffs argue that *Guffey* supports a finding that an attorney can be considered a claimant for purposes of the Medical Malpractice Act. Plaintiffs submit that in *Guffey*, the Supreme Court found that a "representative" as defined in La. R.S. 40:1231.1(A)(18) may qualify as a "claimant." Representative is defined in La. R.S. 40:1231.1(A)(18) as "the spouse, parent, guardian, trustee, attorney or other legal agent of the patient." Plaintiffs acknowledge that their counsel did not represent Mrs. Babin in her individual capacity since she died shortly after the alleged malpractice. They contend, however, that there is no doubt that the claim was brought on behalf of Mrs. Babin's surviving spouse and children, and though they were not initially listed, the statute allows for their representative to be considered a claimant.

As previously noted, "representative" is defined as "the spouse, parent, guardian, trustee, attorney or other legal agent *of the patient*." La. R.S. 40:1231.1(A)(18).[7] (Emphasis added.) Plaintiffs admit that their counsel was not the attorney of the patient, Mrs. Babin, because she was deceased at the time the original request for review was filed. The request for medical review panel does not indicate in any way that plaintiffs' counsel was filing the complaint as a representative and also does not indicate who he was representing. We find no merit to this argument.

On appeal, plaintiffs look to *Gibson v. Jefferson Par. Hosp. Serv. Dist. No 2*, 19-283 (La. App. 5 Cir. 6/27/19), 275 So.3d 482, for support. In *Gibson*, Mrs.

---

[7] La. R.S. 40:1231.1(A)(15) defines "patient" as:

"Patient" means a natural person, including a donor of human blood, a donor or prospective donor of an organ or tissue, or blood components and a nursing home resident who receives or should have received health care from a licensed health care provider, under contract, expressed or implied.

Gibson timely filed a request for a medical review panel with the DOA individually and on behalf of her deceased husband. *Id*. at 484-85. While the complaint was still pending before the medical review panel, Mrs. Gibson died. No one formally substituted themselves as a claimant before the DOA. *Id*. at 485. The matter proceeded, and after the medical review panel issued its opinion, a petition for damages was filed by the children of Mr. and Mrs. Gibson. *Id*. at 485-86. The defendant filed an exception of prescription which the trial court denied. *Id*. at 486. This Court determined that the timely filing of a request for review by a tort victim, or by any statutorily designated survivor for a survival claim should he be deceased, suspends the running of prescription not only as to the named claimant, but also as to all potential plaintiffs designated by La. C.C. art. 2315.1 for a survival claim. Further, the filing of a timely request for review of a claim of medical malpractice resulting in wrongful death, by any statutorily designated survivor for a wrongful death claim, suspends the running of prescription not only as to the named claimant, but also as to potential plaintiffs designated by La. C.C. art. 2315.2 for wrongful death claims. *Id*. at 492.

*Gibson* is distinguishable from the present case, however, because in *Gibson*, a timely request for a medical review panel was filed wherein a proper party claimant was named. As previously determined, a proper claimant was not named in the original request for review in the present case.

Plaintiffs also argue that the Medical Malpractice Act and its regulations, specifically Louisiana Administrative Code, Title 37, Part III, §1403, provide for an opportunity for corrective action on deficiencies in a medical review panel request, and prescription remains suspended during that time. Louisiana Administrative Code, Title 37, Part III, §1403 provides:

> A. A "request for review of a malpractice claim" or "malpractice complaint" shall contain, at a minimum:

1. a request for the formation of a medical review panel;

2. full name of only one patient for whom, or on whose behalf, the request for review is being filed; however, if the claim involves the care of a pregnant mother and her unborn child, then naming only the mother as the patient shall be sufficient;

3. full name(s) of the claimant(s);

4. full name(s) of defendant health care providers;

5. date(s) of alleged malpractice;

6. brief description of alleged malpractice as to each named defendant; and

7. brief description of alleged injuries.

B. The request for review of a malpractice claim shall be deemed filed on the date of receipt of the complaint stamped and certified by the board or on the date of mailing of the complaint if mailed to the board by certified or registered mail.

C. Within 15 days of receiving a malpractice complaint, the board shall:

1. confirm to the claimant that the malpractice complaint has been officially received and whether or not the named defendant(s) are qualified for the malpractice claim;

2. notify all named defendant(s) that a malpractice complaint requesting the formation of a medical review panel has been filed against them and forward a copy of the malpractice complaint to each named defendant at his last and usual place of residence or his office;

3. if the malpractice complaint does not contain all of the required information set forth in paragraph (A) of this section, notify the claimant(s) that the malpractice complaint has been received but does not comply with this section and indicate what additional information is required and a reasonable time limit for submitting such additional information; and

4. notify the claimant(s) if verification of employment or renewal of fund coverage must be obtained for a named defendant health care provider for fund qualification to be determined.

Plaintiffs argue that the Second Circuit found in *Ward v. Vivian Healthcare & Rehab. Ctr.*, 47,649 (La. App. 2 Cir. 5/15/13), 116 So.3d 870, that a medical review panel request supplemented per the PCF's directive was not prescribed even though the supplement occurred more than a year after the patient's death.

In *Ward*, on July 7, 2010, the plaintiff filed a request for a medical review panel with the DOA. In response, the PCF notified the plaintiff by letter dated July 19, 2010 that the request for review failed to provide the date of death and a brief description of the alleged malpractice. The letter stated that in order to maintain the original filing date, the plaintiff needed to return a corrected request for review within 30 days of the date of the letter. On August 20, 2010, the DOA received a letter from the plaintiff which stated that the date of death was July 8, 2009 and included a brief description of the alleged malpractice. *Id.* at 872. Subsequently, the defendant filed an exception of prescription. *Id.* at 872-73. The trial court denied the exception of prescription. At issue on appeal, as presented by the defendant, was 1) whether the filing that did not comply with the requirements of La. R.S. 40:1231.8(A)(1)(b)[8] suspended prescription; 2) if prescription was not suspended, was the PCF authorized to extend the prescriptive period by allowing the claimant to file a corrected request for review; and 3) if the PCF could grant an extension, was the claim prescribed if the claimant failed to file a correction request for review within the extended period. *Id.* at 873. Upon review, the Second Circuit found that the original timely filed complaint complied with the requirements of La. R.S. 40:1231.8(A)(1)(b). *Id.* at 877. The court found that the original complaint included "the date of the alleged malpractice" as required in La. R.S. 40:1231.8(A)(1)(b)(v). *Id.* at 876. Further, strictly construing the statute, the court found that the brief description of the alleged malpractice in the original request for review was sufficient, as the statute does not require the type of fact pleading required in a court petition. *Id.* at 877. The court also noted that even if it hadn't found that the initial complaint met the statutory requirements, the statute

---

[8] *Ward* references La. R.S. 40:1299.47. La. R.S. 40:1299.47 was redesignated as La. R.S. 40:1231.8 by H.C.R. No. 84 of the 2015 Regular Session. For ease of reference, we reference the current statutory designation.

does not contain a penalty that would render the request for review invalid and without effect so that it does not suspend prescription. *Id*. at 877-78. Based on its finding, the court pretermitted discussion regarding the authority the PCF has to grant additional time to file a corrected request for review and the timeliness of the corrected request for review. *Id*. at 878.

First, plaintiffs acknowledge that the PCF did not comply with the provisions of Louisiana Administrative Code, Title 37, Part III, §1403 in this case. Thus, we do not find it necessary to consider if such a provision if complied with suspends prescription and/or to what extent. *See Franks v. Louisiana Patient's Comp. Fund Oversight Bd*., 16-0765 (La. App. 1 Cir. 5/3/17), 220 So.3d 862, 869, n.5, *writs denied*, 17-0868, 17-0877 (La. 9/29/17), 227 So.3d 294.[9]

Additionally, we find *Ward* distinguishable from the present case. In *Ward*, the trial court found that the original request for review met the statutory requirements since the complaint contained both the date of the alleged malpractice and the brief description of the alleged malpractice. Nonetheless, plaintiffs argue that *Ward* is still supportive because the court found that even if the request for review failed to comply with the minimum statutory requirements, the statute contains no penalty provision that would render the request for review invalid and without effect so that it would not suspend prescription. Plaintiffs highlight that in *Ward*, the court noted that the Legislature provided a penalty for the failure to pay the mandated fee, but failed to provide such guidance as to any penalty or effect of failing to comply with the requirements of La. R.S. 40:1231.8(A)(1)(b).

While we recognize that the statute does not specifically provide for a penalty or the effect of failing to comply with La. R.S. 40:1231.8(A)(1)(b) like it

_____

[9] In *Franks*, the court noted that since the record did not indicate that the PCF complied with or relied upon this regulatory provision in the processing of the plaintiff's request for a medical review panel, the court did not further address it in the context of the case.

does when the filing fee is not paid, we find, as previously discussed, that the Supreme Court's opinion in *Guffey*, *supra*, rendered subsequent to *Ward*, is instructive and applicable to the present case.

Finally, in the alternative, plaintiffs argue that their submission of evidence to the attorney-chair should operate to constitute a timely filed and valid medical review panel request. They assert that on April 1, 2020, they answered discovery propounded by Dr. Balart wherein they were named as the claimants. Further, they assert that a submission of evidence was submitted in July 2020 to the attorney-chair in which they were also named as claimants. They argue that to the extent a medical review panel is akin to a trial, the court should consider that the filing of the submission of evidence is in and of itself a filing which suspends prescription or amends the initial request for a medical review panel.

Louisiana Revised Statute 40:1231.8(A)(2)(a) states that it is the "filing of the request for a review of a claim" that suspends prescription and that a request for review must be filed with the DOA. We find that the submission of evidence submitted to the attorney-chair is not a request for review filed with the DOA. Thus, we find no merit to this argument.

In conclusion, we find that the trial court did not err in sustaining the exceptions of prescription and dismissing plaintiffs' claims. The initial request for review filed on February 24, 2020 did not name a proper claimant and therefore did not suspend prescription. When plaintiffs filed the request for review on October 14, 2020, in which they were properly named as claimants, their claims were prescribed because more than a year had passed since Mrs. Babin's death.

**DECREE**

For the foregoing reasons, the trial court's judgment that sustained defendants' exceptions of prescription and dismissed plaintiffs' claims is affirmed.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 15, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-198

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)

STEPHANIE D. O'BRIEN (APPELLEE)     MICHAEL C. LUQUET (APPELLEE)     C. WILLIAM BRADLEY, JR. (APPELLEE)
L. DAVID ADAMS (APPELLEE)     RICHARD S. CRISLER (APPELLEE)

### MAILED

CARL E. HELLMERS, III (APPELLEE)     RAVI SANGISETTY (APPELLANT)     PETER J. BUTLER, JR. (APPELLEE)
D. BURKE STOUGH (APPELLEE)     WILLIAM D. BOYLES (APPELLANT)     RICHARD G. PASSLER, JR. (APPELLEE)
ATTORNEYS AT LAW     ATTORNEYS AT LAW     ATTORNEYS AT LAW
3700 ENERGY CENTRE     3914 CANAL STREET     909 POYDRAS STREET
1100 POYDRAS STREET     NEW ORLEANS, LA 70119     SUITE 1500
NEW ORLEANS, LA 70163     NEW ORLEANS, LA 70112