NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-360

IN RE: MEDICAL REVIEW PANEL OF HULAN ADAMS

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, 2023-1732
HONORABLE BOBBY HOLMES AND RONALD WARE, DISTRICT JUDGES

**********

**LEDRICKA J. THIERRY**
**JUDGE**

**********

Court composed of Elizabeth A. Pickett, Ledricka J. Thierry, and Wilbur L. Stiles, Judges.

AFFIRMED.

James R. Morris
Sudduth & Associates, LLC
1109 Pithon Street
Lake Charles, LA 70601
(337) 480-0101
COUNSEL FOR CLAIMANT/APPELLANT
    Hulan Adams

**C. Wm. Bradley, Jr.**
**L. David Adams**
**Bradley Murchison Kelly & Shea, LLC**
**1100 Poydras Street, Suite 2700**
**New Orleans, LA 70163**
**(504) 596-6300**
**COUNSEL FOR DEFENDANT/APPELLEE**
     **Dr. James J. Murphy**

**THIERRY, Judge.**

Claimant appeals the trial court's granting of Defendant's peremptory exception of prescription. For the reasons that follow, we affirm.

### FACTS AND PROCEDURAL HISTORY

This appeal concerns a medical malpractice claim that is still in the medical review panel process. On April 16, 2021, Claimant, Hulan Adams, was shot by a single gunshot, causing wounds to his left leg and hand. On April 17, 2021, Dr. James J. Murphy performed surgery on Adams' femur fracture and hand. Following surgery, Adams noticed issues with his left hand and left leg, including a shortened leg length and misalignment, which led him to seek treatment from Dr. Jeffrey Balazsy. On May 2, 2021, Dr. Balazsy removed the nail and hardware put in Adams' leg by Dr. Murphy and replaced them with a longer nail to correct the leg length issue. During the same surgery, Dr. Balazsy also inserted plates and screws into Adams' left hand.

On April 11, 2022, Adams timely filed a request for the formation of a medical review panel, naming Dr. James Murphy as Defendant. In his request, Adams alleged that he sustained gunshot wounds to his left hand and leg. Other than this initial reference to the hand injury, the remainder of Adams' request related to Dr. Adams' alleged negligent treatment of his leg and the subsequent damages he incurred.

On March 8, 2023, Adams filed a request for an amended medical review panel, alleging that during the same surgery performed by Dr. Murphy on April 17, 2021, Dr. Murphy also operated on Adams' hand in a substandard way. Adams' attorney specifically requested that this filing be considered "an amendment to my original submission." On March 24, 2023, Adams' attorney filed a corrected panel

request, detailing the alleged malpractice performed by Dr. Murphy on both Adams' hand and left leg. The PCF assigned a new claim number to the complaint.

Soon thereafter, Defendant filed a peremptory exception of prescription. Defendant alleged that the second medical review panel request filed on March 8, 2023, was untimely. Defendant does not dispute that the first proceeding was timely filed, and thus the prescriptive period of that proceeding is not at issue in this appeal.

The trial court granted Defendant's peremptory exception of prescription, finding that the two claims constituted separate claims involving separate injuries. Claimant now appeals the granting of the exception of prescription.

## ASSIGNMENTS OF ERROR

Claimant alleges the following assignment of error on appeal:

1. THE TRIAL COURT ABUSED ITS DISCRETION BY RELYING UPON THE *BATSON* DECISION, WHICH HAD NOTHING TO DO WITH PRESCRIPTION.

2. THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING *BATSON'S* RATIONALE APPLIED TO PRIVATE MALPRACTICE VIS A VIS STATE FACILITY MALPRACTICE.

## ANALYSIS

The issue before this court is whether a timely filed medical malpractice claim suspends prescription as to later filed amendments specifying additional injuries, when the defendant is the same and the damages occurred during the same surgery.

Prescription is a peremptory exception set forth in La.Code Civ.P. art. 927. Importantly, "prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted." *Carter v. Haygood*, 04-646, p. 10 (La. 1/19/05), 892 So.2d 1261, 1268.

2

Medical malpractice actions must be filed "within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect. . . ." La.R.S. 9:5628. At the latest, claims must be filed within three years of the alleged malpractice. *Id.* The prescriptive period for filing a suit is suspended when the claimant files a request for review of a claim until ninety days following notification of the medical review panel's decision. La.R.S. 40:1231.8(A)(2)(a). A request for review of a malpractice complaint must contain, *inter alia*, the name of the claimant, the name of the defendant health care provider, the date of alleged malpractice, a brief description of the alleged malpractice, and a brief description of the alleged injuries. La.R.S. 40:1231.8(A)(1)(b).

We first point out that generally, amendments to pleadings relate back to the date of filing of the original pleading "[w]hen the action . . . asserted in the amended petition … arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." La.Code Civ.P. art. 1153. However, the Louisiana Supreme Court has held that this article is not applicable to medical malpractice claims. *Warren v. Louisiana Med. Mut. Ins. Co.*, 07–492 (La. 12/2/08), 21 So.3d 186; *see also Snavely v. Ace Pain Mgmt., LLC*, 15-903 (La.App. 3 Cir. 2/3/16) (unpublished opinion).

In *Batson v. S. Louisiana Med. Ctr.*, 99-232 (La. 11/19/99), 750 So.2d 949, the Louisiana Supreme Court addressed the possibility of a plaintiff recovering multiple caps for multiple injuries caused by multiple acts of malpractice. While *Batson* dealt with the Medical Malpractice Liability for State Services Act Cap on Damages ("MLSSA"), rather than the Medical Malpractice Act ("MMA"), *Batson*

3

generally holds that a plaintiff may recover more than one cap for multiple injuries resulting from multiple acts of medical malpractice.

As pointed out by Claimant, the jurisprudence has not required extensive fact pleading in a medical malpractice claim, but rather merely requires sufficient information for the panel to determine if the defendant is entitled to protection of the MMA. In *Ward v. Vivian Healthcare & Rehab. Ctr.*, 47,649, pp. 11-12 (La.App. 2 Cir. 5/15/13), 116 So.3d 870, 877, the second circuit held:

> As to the facts of the alleged malpractice, La.R.S. 40:1299.47(A)(1)(b)(vi) [redesignated as La.R.S. 40:1231.8(A)(1)(b)(vi)] requires only a "brief description of the alleged malpractice as to each named defendant health care provider." This does not mandate the type of fact pleading required in a court petition. The requirement for "a brief description of the alleged malpractice" is in line with the pre-amendment law of *Perritt, supra,* that the claimant "need only present sufficient information for the panel to make a determination as to whether the defendant is entitled to the protection of the [MMA]." *Perritt,* 02–2601 at 13, 849 So.2d at 65. This information is provided through the submission of written evidence to the medical review panel as provided by La.R.S. 40:1299.47(D), not the initial request to the PCF for review.

Noting that the defendant did not allege prejudice, the second circuit found that the claimant's allegation that the "provider did not provide proper care for Mr. Mancil Watson which caused his death" constituted a "brief description of the alleged malpractice" sufficient to put the defendant on notice, pursuant to the applicable statute.

Similarly, in *Medical Review Panel for Lane v. Nexion Health at Minden, Inc.*, 53,901, pp. 7-8 (La.App. 2 Cir. 8/11/21), 326 So.3d 340, 346, *writ denied sub nom. Med. Rev. Panel Proc. for Lane v. Nexion Health at Minden, Inc.*, 21-1410 (La. 11/23/21), 328 So.3d 82 (internal citations omitted), the court stated:

> The MMA provides that a malpractice claim shall contain a request for the formation of an MRP; the name of only one patient for whom, or on whose behalf, the request for review is being filed; the

4

names of the claimants; the names of the defendant health care providers; the dates of the alleged malpractice; a brief description of the alleged malpractice as to each named defendant; and a brief description of the alleged injuries. La. R.S. 40:1231.8(A)(1)(b). The requirement of a "brief description of the alleged malpractice" does not mandate the type of fact pleading required in a court petition. Rather, the claimant need only present sufficient information for the MRP to determine whether the defendant is entitled to the protection of the MMA. Further, the legislature does not provide penalties for failure to comply with the requirements of La. R.S. 40:1231.8(A)(1)(b).

These cases stand for the proposition that a medical malpractice claim need not be very specific—it simply must contain enough information for the medical review panel to decide if the defendant falls under the protection of the MMA. Claimant argues that his amended claim does not affect this inquiry before the medical review panel, pointing out that the malpractice alleged in the amended complaint occurred by the same surgeon, on the same day and time, and is contained in the same medical records. Claimant also points out that other than interrogatories, no discovery has been conducted, nor has the panel convened yet on either issue. In other words, Claimant's position is that the original claim sufficiently provided enough information to determine whether Defendant is entitled to protection under the MMA, and his subsequent amended claim detailing the hand treatment does not affect that inquiry.

However, as cited by Defendant, the Louisiana Supreme Court in *In re Medical Review Panel Proceedings of Don Singleton*, 24-415 (La. 6/19/24), 386 So.3d 306, recently held that an untimely filed amendment to a medical review panel request that alleged facts constituting a "substantive change" from the original request was prescribed. In that case, the claimant attempted to amend a previously filed claim and substituted "lumbar" and "back" for "cervical" and "neck." The court held that this amendment "was a substantive change and asserted a wholly different

5

claim than that originally alleged." *Id.* at 307. The court found the claim to be prescribed "because the amending complaint was filed more than three years from the date of the alleged malpractice." *Id.*

*Singleton* is not entirely factually relevant to the present case before this court, because the amendment here was filed less than three years after the alleged malpractice. However, *Singleton*'s holding concerning substantive changes in an amended claim is directly relevant. If merely amending the words "lumbar" and "back" for "cervical" and "neck" constitutes a "substantive change" and "wholly different claim," then we must find that Adams' addition of the hand injury is substantively different from the original claim, and thus, too, is a "wholly different claim." *Id.* at 307.

There is no dispute that the alleged malpractice occurred on April 17, 2021, and that Claimant's amended claim was sent on March 8, 2023—well over a year later. Furthermore, Claimant does not allege a later discovery date that would defeat prescription. In any event, Claimant states in his amended panel request that he noted his third metacarpal was abnormally shortened after the April 17, 2021 surgery, and that on May 2, 2021, Dr. Balazsy performed an "open reduction and internal fixation of the finger." Thus, at the latest, the date of discovery of the malpractice was May 2, 2021, and Claimant's amended claim would still be prescribed. Therefore, we affirm the judgment of the trial court.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against Appellant, Hulan Adams.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.

6

Uniform Rules—Courts of Appeal, Rule 2–16.3.